**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on February 13, 2007, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



Arthur I. Harris
**Dated: February 13, 2007**               United States Bankruptcy Judge

___

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 06-15402 |
| | ) | |
| JOSEPH L. WEINPERT, | ) | Chapter 7 |
|     Debtor. | ) | |
| | ) | Judge Arthur I. Harris |

ORDER[1]

This matter is currently before the Court on the debtor's motion to avoid the judgment lien of American Logistics Group, Inc. (ALG), pursuant to 11 U.S.C. § 522(f)(1)(A). For the reasons that follow, the Court holds that ALG's lien may be avoided under subparagraph 522(f)(1)(A); however, factual disputes prevent the Court from determining on the existing record the *extent* that ALG's lien may be avoided. Therefore, the extent that ALG's lien may be avoided will be the subject of an evidentiary hearing to be held on **March 21, 2007, at 1:30 p.m.**

---

[1] This order is not intended for official publication.

FACTS

The debtor, Joseph Weinpert, and his non-debtor spouse, JoAnn Weinpert, own real property located at 28 Owaissa Drive in Timberlake, Ohio. The real property is encumbered by a mortgage lien held by Popular Financial Services (Popular) and a judgment lien in the amount of $45,842.19 plus interest and costs recorded on July 15, 2004, in favor of ALG. On August 10, 2006, the Lake County Court of Common Pleas issued a decree of foreclosure which found ALG was entitled to foreclose on the real property. The decree specifically stated:

> The Court makes no finding as to the right, title, and interest, claim or lien of said Defendants Popular Financial or John S. Crocker, the Lake County Treasurer, as set forth in their pleadings filed herein except to note that such rights, titles, interests, claims or liens of said Defendants are hereby ordered transferred to the proceeds derived from the sale of said premises after the payment of the costs of this action, taxes due and payable, and the amount hereinabove found due to the Plaintiff.
>
> . . . .
>
> IT IS THEREFORE ORDERED ADJUDGED AND DECREED that within ten days an order of sale shall issue to the Lake County Sheriff ordering him to sell the premises at public sale, as upon execution and according to law, free and clear of all interests of all parties to this action, except for Defendants Lake County Treasurer, John S. Crocker, and the first mortgage lien holder Financial Popular Services, LLC.

Decree (August 10, 2006) at 3. The decree went on to outline the order in which proceeds shall be paid:

> 1. To the Clerk of Courts, the cost of this action, including $845.00 to

>   American Logistics Group, Inc. For the judicial certificates of title;
>
> 2. To Plaintiff, American Logistics Group, Inc., the sum of $45,842.19, plus interest at the legal rate per annum from July 2, 2004, plus the costs advanced in the prosecution of this action;
>
> 3. The Lake County Sheriff shall hold the balance of the funds, if any, pending further order of this Court.

*Id.* at 4. Finally, the decree ordered that after distribution of the proceeds of the sale of the real property, the clerk or courts "shall issue a certificate to the Lake County Recorder directing him to enter the same on the margin of the records of said liens, releasing the liens from the premises." *Id.* at 5.

On November 4, 2006, the debtor filed a Chapter 7 petition, and on December 7, 2006, he moved to avoid ALG's judgment lien pursuant to 11 U.S.C. § 522(f)(1)(A). On December 27, 2006, ALG filed an objection to the debtor's motion in which ALG claimed that its lien could not be avoided because the decree of foreclosure from the Lake County Court of Common Pleas determined that ALG's lien had first priority on the real property. In addition, in open Court, ALG's attorney argued that the decree stripped Popular's mortgage lien from the real property. Therefore, the issue presently before the Court is whether ALG's judgment lien may be avoided pursuant to 11 U.S.C. § 522(f)(1)(A).

## DISCUSSION

Section 522 of the Bankruptcy Code provides in pertinent part:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is —
>> (A) a judicial lien . . .
>
> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of —
>>> (i) the lien;
>>> (ii) all other liens on the property; and
>>> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

ALG argues that the decree of foreclosure from the Lake County Court of Common Pleas judicially determined ALG's lien to be senior to Popular's mortgage lien, and therefore it cannot be avoided. 11 U.S.C. § 522(f)(1)(A) addresses avoidance of judicial liens only and does not address what effect state law priority may have on the debtor's ability to avoid judgment liens.

The Sixth Circuit recently addressed the issue of avoiding a judicial lien on property also encumbered by a prior first mortgage and a subsequent second mortgage. *See Brinley v. LPP Mortgage, Ltd.* (*In re Brinley*), 403 F.3d 415 (6th Cir. 2005). In *Brinley*, the judgment lien holder argued that avoidance of its lien, which according to state law held priority over the second mortgage, would "unjustly penalize senior lienholders and provide windfalls for debtors and junior lienholders." *In re Brinley*, 403 F.3d at 421. The Sixth Circuit recognized that

"[t]his selective avoidance gives an advantage under federal law to secured creditors holding consensual liens, typically, residential mortgage lenders. But Congress intended to treat consensual lienholders more favorably." *In re Brinley*, 403 F.3d at 422. Accordingly, the Sixth Circuit avoided the judicial lien, despite the fact that under state law it had priority over the second mortgage. Therefore, *Brinley* dictates that even if the decree of foreclosure from the Lake County Court of Common Pleas did in fact alter the priority of liens on the debtor's real property, ALG's priority over a consensual mortgage lien holder would not render the judgment lien unavoidable under 11 U.S.C. § 522(f)(1)(A).

Furthermore, the Court concludes that the decree of foreclosure did not alter the priority of liens on the real property or extinguish any other existing liens. As a matter of law, Popular's earlier recorded mortgage lien has priority over the later obtained judgment lien. *See McGovern v. Landmark Title Agency, Inc.*, 1988 Ohio App. LEXIS 4957, at *7 (December 12, 1988). To read the state court's decree as altering the priority of liens, let alone extinguishing Popular's earlier recorded mortgage lien, would appear to contravene both Ohio law and the language of the decree. *See McGovern*, 1988 Ohio App. LEXIS 4957 at *7, *citing Riegel v. Belt*, 119 Ohio St. 369, 379 (Ohio 1928). According to the decree, the Lake County Court of Common Pleas made no determination as to the right, title, interest, claim

5

or lien of Popular or of the county treasurer, other than to transfer those interests to the proceeds of the sale. The state court's decree appears merely to order the sale of the property free of ALG's lien, but subject to the liens of Popular and the county treasurer. Therefore, ALG's lien may be avoided pursuant to 11 U.S.C. § 522(f)(1)(A), but "only to the extent that" the lien impairs the debtor's exemption. *In re Brinley*, 403 F.3d at 421. If ALG disagrees with the Court's reading of the decree, the Court has no objection to ALG moving for relief from stay in order to request clarification from the Lake County Court of Common Pleas.

The parties have stipulated that at the date of the filing of the petition, the debtor and his wife owed Popular $168,077.15. They have also stipulated that on the date of filing the real property had a range of value between $170,000 and $180,000, but they have not stipulated to an exact value as of the date of the petition. On these facts alone the Court is unable to determine the extent to which ALG's lien of $45,842.19 impairs the debtor's exemption. *See In re Brinley*, 403 F.3d at 421 (holding that the language of the statute "authorizes avoidance of judicial lien only *to the extent that* those liens impair an exemption"). For example, no evidence has been presented to the Court indicating the status of any tax liens on the property or indicating how the property is held with the non-debtor

spouse. Therefore, the extent that ALG's lien may be avoided will be the subject of an evidentiary hearing to be held on **March 21, 2007, at 1:30 p.m.** The Court will issue a separate evidentiary hearing scheduling order.

## CONCLUSION

For the reasons stated above, the Court holds that ALG's lien may be avoided under subparagraph 522(f)(1)(A). The extent that ALG's lien may be avoided will be the subject of an evidentiary hearing to be held on **March 21, 2007, at 1:30 p.m.**

IT IS SO ORDERED.