**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on May 04, 2007, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



_____
**Arthur I. Harris**
**United States Bankruptcy Judge**

**Dated: May 04, 2007**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 06-15402 |
| | ) | |
| JOSEPH L. WEINPERT, | ) | Chapter 7 |
|     Debtor. | ) | |
| | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

This matter is currently before the Court on the debtor's motion to avoid the judgment lien of American Logistics Group, Inc. (ALG), pursuant to 11 U.S.C. § 522(f)(1)(A). For the reasons that follow, the Court holds that ALG's lien may be avoided to the extent of $44,880.77, under subparagraph 522(f)(1)(A). ALG retains a lien on the debtor's property in the amount of $961.42.

---

[1]This memorandum of opinion is not intended for official publication.

## FACTS

The parties have stipulated to the following facts. The debtor and his non-debtor spouse own real property located at 28 Owaissa Drive in Timberlake, Ohio, as joint tenants with right of survivorship. The property is valued at $180,000. On the date of the filing of the petition, the real property was encumbered by a mortgage lien held by Popular Financial Services in the amount of $168,077.15 and a judgment lien in the amount of $45,842.19. The parties have not informed the Court of any other liens on the property.

On December 7, 2006, the debtor filed a motion to avoid the lien with ALG, and on December 27, 2006, ALG filed a response in opposition. On February 13, 2007, the Court issued an order holding that ALG's lien may be avoided; however, because factual disputes prevented the Court from determining the *extent* that ALG's lien may be avoided, the Court scheduled an evidentiary hearing. Thereafter, the Court held a conference call with the parties, and on March 21, 2007, the Court issued an order permitting the parties to file supplemental briefs addressing how the Court should apply the mathematical formula in 11 U.S.C. § 522(f)(2)(A).

In his supplemental brief, the debtor argues that because he holds his property as a joint tenant with right of survivorship the Court should consider only

2

one-half of the value of the property and only one-half of the amount due on the mortgage when applying the formula contained in 11 U.S.C. § 522(f)(2)(A). In its supplemental brief, ALG argues that the debtor, as a joint tenant with right of survivorship, should be charged with the full value of the property and the full amount due on the mortgage. ALG alternatively argues that any avoidance would be inequitable based upon the specific facts of the case and would unjustly distinguish between consensual creditors and judicial lien creditors. The Court has previously determined that pursuant to the Sixth Circuit's ruling in *In re Brinley*, ALG's lien may be avoided. *See In re Brinley*, 403 F.3d 415, 422 (6th Cir. 2005). Therefore, the Court will only address the application of the formula contained in subparagraph 522(f)(2)(A).

## DISCUSSION

Section 522 of the Bankruptcy Code provides in pertinent part:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is —
>     (A) a judicial lien . . .
> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of —
>     (i) the lien;
>     (ii) all other liens on the property; and
>     (iii) the amount of the exemption that the debtor could

3

claim if there were no liens on the property;
exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Ohio has elected to "opt out" of the federal exemptions provided in the Bankruptcy Code; therefore, the debtor is entitled to the exemptions provided under Ohio law. *See* 11 U.S.C. § 522(b)(2). Under Ohio law, a debtor may exempt $5,000 in real property. *See* O.R.C. § 2329.66(A)(1)(b).

In order to determine the extent that ALG's lien impairs the debtor's exemption, the Court must first determine "the value of the debtor's interest in the property . . . in the absence of any liens." 11 U.S.C. § 522(f)(2)(A). The parties have stipulated that the debtor and his non-debtor spouse own the real property as joint tenants with right of survivorship. Ohio law provides:

> (A) . . . if any interest in real property is conveyed or devised to two or more persons for their joint lives and then to the survivor or survivors of them, those persons hold title as survivorship tenants, and the joint interest created is a survivorship tenancy. . . .
>
> (B) If two or more persons hold an interest in the title to real property as survivorship tenants, each survivorship tenant holds an equal share of the title during their joint lives unless otherwise provided in the instrument creating the survivorship tenancy. Upon the death of any of them, the title of the decedent vests proportionately in the surviving tenants as survivorship tenants.

Ohio Rev. Code § 5302.20 (2006). Under Ohio law, because the debtor holds the real property as joint tenant with right of survivorship, he owns a present undivided

one-half interest in the property. *Compare In re Estate of Hutchinson*, 120 Ohio St. 542, 543, 166 N.E. 687, 687 (1929) (holding that parties with a contractual right to a joint tenancy with right of survivorship each have "an undivided one-half interest during their joint lives.") *with Cent. Benefits Mut. Ins. Co. v. RIS Adm'r Agency, Inc.*, 70 Ohio St.3d 68, 71, 637 N.E.2d 291, 293 (1994) (distinguishing a tenancy by the entireties from a joint tenancy because in a tenancy by the entireties each spouse owns the *whole* estate and not a fractional share). *See also*, *Brickley v. United States*, 2003 WL 22272298, at *2-3 (N.D. Ohio July 30, 2003) (recognizing that under Ohio law, a joint tenant with the right of survivorship has a half-interest in the property). Therefore, under Ohio law, the value of the debtor's interest in the property in the absence of any liens is $90,000. This conclusion is consistent with the common-sense determination that if the debtor has an undivided one-half interest in property, the debtor's spouse also has an undivided one-half interest in the same property, and the property has a value of $180,000, then the debtor's interest in the property should be valued at one-half of $180,000, or $90,000.

Although under Ohio law the debtor only has a $90,000 interest in the property, he is liable for the full $168,077.15 mortgage owed to Popular Financial Services. Therefore, strictly construing the formula in section 522, as illustrated

5

below, ALG's would be completely avoided:

```
    $45,842.19 (ALG's lien)
   $168,077.15 (The mortgage)
 +   $5,000.00 (Debtor's exemption)
   $218,919.34 (sum of lien, other liens, and exemption)
 -  $90,000.00 (Debtor's interest in the property absent any liens)
   $128,919.34 (Extent to which lien impairs the debtor's exemption)
```

*See* 11 U.S.C. § 522(f)(2)(A). At least three Courts of Appeals have recognized that literal application of the formula in a situation where the debtor has only a fifty percent interest in the property produces an "unreasonably high impairment that has the effect of creating additional equity for the debtor at the expense of the lienholder whose lien is thereby avoided." *Kolich v. Antioch Laurel Veterinary Hosp.* (*In re Kolich*), 328 F.3d 406, 409 (8th Cir. 2003) (discussing situations where deviation from the literal language of section 522 may be appropriate); *see also Miller v. Sul* (*In re Miller*), 299 F.3d 183, 185-86 (3rd Cir. 2002) (finding that Congress did not intend for debtors to benefit under 11 U.S.C. § 522(f)(2)(A), and literal application of the statute in a situation where a debtor has only a fractional interest in property creates an illogical result contrary to Congress' intent); *Lehman v. VisionSpan, Inc.* (*In re Lehman*), 205 F.3d 1255 (11th Cir. 2000); *Nelson v. Scala* (*In re Nelson*), 192 F.3d 32, 35 (1st Cir. 1999). These courts have applied variations of the formula which considers the "portion of the debt the

6

mortgage secures attributable to [the debtor's] share of the property . . . in place of the total debt secured by the mortgage." *In re Miller*, 299 F.3d at 186. Under this approach, as illustrated below, ALG's lien would be avoided by $44,880.77, leaving a lien of $961.42 attaching to the property:

```
   $45,842.19 (ALG's lien)
   $84,038.58 (Mortgage attaching to debtor's portion of the property)
+   $5,000.00 (Debtor's exemption)
  $134,880.77 (sum of lien, other liens, and exemption)
-  $90,000.00 (Debtor's interest in the property absent any liens)
   $44,880.77 (Extent to which lien impairs the debtor's exemption)
```

Although the Sixth Circuit appeared reluctant to deviate from the statutory language of 11 U.S.C. § 522(f)(2)(A), in *Kolich*, which the Sixth Circuit cited with approval in *Brinley*, the Eighth Circuit distinguished between deviations in the situation of junior consensual mortgages at issue in *Brinley* with deviations in the situation where a debtor has only a fifty percent interest in exempt property. *See Kolich*, 328 F.3d at 409-10. Therefore, because the modified approach provides a more realistic computation of the impairment and does not appear to be at odds with *Brinley*, the Court holds that ALG's lien is avoided to the extent of $44,880.77. ALG retains a lien on the debtor's property in the amount of $961.42.

## CONCLUSION

For the reasons stated above, the Court holds that ALG's lien may be

avoided to the extent of $44,880.77, under subparagraph 522(f)(1)(A). ALG retains a lien on the debtor's property in the amount of $961.42.

    IT IS SO ORDERED.